1  BENJAMIN MIZER
   PRINCIPAL DEPUTY ASSISTANT ATORNEY GENERAL

2

3  MELINDA L. HAAG, CA NO. 132612
   United States Attorney
4  ALEX G. TSE, CA NO. 152348
   Chief, Civil Division
5  ERIC J. ADAMS, CA NO. 135893
6  Special Assistant United States Attorney
        455 Market Street, Suite 600
7       San Francisco, CA 94105
        Telephone: (415) 744-8440
8       Facsimile: (415)744-6812
9       Eric.Adams@SBA.Gov

10 ARLENE M. EMBREY, FL NO. 125539
11 Trial Attorney
        U.S. Small Business Administration
12      409 3rd Street, S.W., 7th Floor
        Washington, D.C. 20416
13      Telephone: (202) 205-6976
        Fax:       (202) 481-0324
14      Arlene.Embrey@SBA.Gov
15

16 Attorneys for Plaintiff
   United States of America

17
18                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
19                          SAN JOSE DIVISION

20
   UNITED STATES OF AMERICA,           )   No. CV 00300
21                                     )
22          Plaintiff,                 )
                                       )   Complaint for
23     v.                              )   Receivership and
                                       )   Permanent Injunctive
24 EAST GATE PRIVATE EQUITY            )   Relief
   FUND III, L.P.                      )
25                                     )
                                       )
26          Defendant.                 )
                                       )
27                                     )

28

---

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action bought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316 of the Small Business Investment Act, as amended; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, East gate Private Equity Fund III, L.P. (hereinafter "East Gate" "Licensee," or "Defendant"), is a limited partnership formed under the laws of the State of Delaware that maintains its principal place of business at 5050 El Camino Real. Suite 104, Los Altos, California 94022. The sole purpose of Defendant's partnership is to operate as a small business investment company under the Small Business Investment Act of 1958. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

### INTRADISTRICT ASSIGNMENT

4. Pursuant to L.R. 3-2(c) and (e), this action is properly assigned to the San Jose Division because the Defendant's principal office is located in Santa Clara County.

### COMMON ALLEGATIONS

5. The purpose of the Small Business Investment Act of 1958, as amended, (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity

capital and long-term loan funds which small businesses need for sound financing of their operations and growth

6. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC"). SBA duly promulgated such regulations, which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

7. An SBIC is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). Pursuant to the Act, SBA is authorized to license SBICs, which, although they are non-depository institutions, are financial institutions that are similar to banks, savings and loans institutions and credit unions because they provide funding directly to the public. SBICs provide venture capital to qualified small independent businesses by supplementing the flow of private equity capital, long-term funds (debt securities) and loans.

8. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b). Such SBA financing (defined as "Leverage" under the Regulations) is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507.

9. In consideration for being licensed to operate as an SBIC and/or receive federal tax dollar leverage, SBICs agree to comply with the requirements of the Act and

the Regulations. Each Participating Securities instrument issued by an SBIC specifically incorporates the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment, is a violation of the terms of the Participating Securities and is a separate violation of the Act and Regulations.

10. SBA is charged with overseeing and regulating the SBIC program. If SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. Moreover, if an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved.

11. One of the regulatory conditions that an SBIC is subject to is "Capital Impairment" as that term is defined under the Regulations. Together, 13 C.F.R. §§ 107.1830 and 107.1850 set forth the maximum amount of Capital Impairment that an SBIC licensee may have during the forbearance period and thereafter, as applicable. A licensee that has a condition of Capital Impairment is not in compliance with the terms of its Leverage.

12. Another regulatory condition affecting licensees such as Defendant is that upon the occurrence of "Restricted Operations" as that term is defined under the


Regulations, the licensee consents to SBA's right to require that all of the SBIC's private capital commitments be funded in accordance with the company's Articles. The licensee's failure to act as requested by SBA results in the licensee's consent to the appointment of SBA as Receiver for the purpose of continuing the SBIC's operations.

13. SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about May 30, 2002, under SBA License No. 09/79-0443, solely to do business under the provision of the Act and the regulations promulgated thereunder.

14. Defendant's general partner is East Gate Private Equity Fund, LLC, a limited liability company.

15. Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16. Defendant applied for and received funding from the SBA through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations. To date, a total principal balance of $12,285,000.00 remains outstanding.

17. Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

18. Based on Defendant's financial submission (SBA Form 468) for the quarter ending December 31, 2013, the SBA determined that Defendant had a condition of Capital Impairment in excess of the regulatory limit applicable to it, and by letter dated April 9, 2014, SBA directed the company to cure the impairment within 15 days of the date on the letter.

19. SBA's April 9, 2014 letter informed Defendant that failure to cure the impairment would result in the company being placed in Restricted Operations.

20. Defendant failed to cure its condition of Capital Impairment within the permitted time and, consequently, by letter dated May 12, 2014, SBA informed Defendant that it had been transferred to liquidation status.

21. Based on the last SBA Form 468 for the period ending December 31, 2014, Defendant remains in a condition of Capital Impairment.

22. To date, Defendant has failed to cure its condition of Capital Impairment.

## COUNT ONE

## CAPITAL IMPAIRMENT

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Defendant has failed to cure its condition of Capital Impairment, and a principal balance of over $12,285,000.00 of Participating Securities purchased by the SBA remains outstanding.

25. Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

26. As a consequence of Defendant's continued condition of capital impairment, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

//

//

//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.  That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B.  That this Court determine and adjudicate Defendant's non-compliance with and violation of the Act and the Regulations promulgated thereunder.

C.  That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Consent Decree filed simultaneously herewith.

D.  That this Court grant such other relief as may be deemed just and equitable.

//
//
//
//
//
//

|   |   |   |   |
|---|---|---|---|
| 1 | | | Respectfully submitted, |
| 2 | | | BENJAMIN MIZER |
| 3 | | | PRINCIPAL DEPUTY ASSISTANT ATORNEY GENERAL |
| 4 | | | |
| 5 | | | MELINDA L. HAAG UNITED STATES ATTORNEY |
| 6 | | | |
| 7 | | | ALEX G. TSE Chief, Civil Division |

Dated: July 16, 2015    By:    /s/ Eric J. Adams
ERIC J. ADAMS
Special Assistant United States Attorney
455 Market Street, Suite 600
San Francisco, CA 94105
Telephone:   (415) 744-8440
Facsimile:    (415) 744-6812
Email: eric.adams@sba.gov

Dated: July 16, 2015    By:    /s/ Arlene M. Embrey
ARLENE M. EMBREY
Trial Attorney
U.S. Small Business Administration
409 3rd Street, SW, Suite 7200
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:    (202) 481-0324
Email: arlene.embrey@sba.gov

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
EAST GATE PRIVATE EQUITY FUND III, L.P.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Santa Clara
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric J. Adams, Special Assistant United States Attorney
U.S. Small Business Administration, 455 Market Street, Suite 600
San Francisco, CA 95105   Telephone Number: (415) 744-8440

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 687c
Brief description of cause:
Statutory injunction & receivership for violation of SBA regulations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   07/16/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Eric J. Adams, Special Assistant United States Attorney

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*   ☐ SAN FRANCISCO/OAKLAND   ☑ SAN JOSE   ☐ EUREKA